UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X   Civil Action No. 22-cv-6733
MAURIZIO DE ROSA, individually, and on behalf of
all others similarly situated,

                                       Plaintiff,   **CLASS AND COLLECTIVE
                                       ACTION COMPLAINT**

       -against-

SICILIAN SAGE LLC, SALVATORE FRATERRIGO
and EMMANUELA PACIFICO,

                                  Defendants.
-------------------------------------------------------------------X

       Plaintiff, on behalf of himself and all others similarly situated, by his attorneys, Bell Law

Group, PLLC, complaining of Defendants, respectfully alleges upon knowledge as to himself,

and upon information and belief as to all other matters, the following:

## NATURE OF THE ACTION

       1.      Plaintiff brings this action on behalf of himself, and all others similarly situated,

to seek redress against Defendants for systematic and class-wide failure by Defendants to

provide  the required minimum wage, overtime wages, spread of hour wages, for the unlawful

retention of all tips and gratuities, and for the failure to provide wage payment statements and

hiring wage rate notifications in violation of the Fair Labor Standards Act ("FLSA") and New

York Labor Law ("NYLL").

       2.      Defendants are the owners and/or operators of a Sicilian restaurant known as

Norma Gastronomia Siciliana ("Norma") located at 801 9th Avenue, New York, New York

10019, a business that has been built upon the extreme exploitation of its employees. This has

included payment of substandard sweat shop wages far below the required minimum wage rate,

theft of wages for various weeks in which no wages were paid to employees at all, theft of all

tips and gratuities from customers for Defendants' personal gain and profit, failure to provide overtime wages despite strenuous work schedules far in excess of forty (40) hours per week, failure to provide spread of hours wages for shifts greatly in excess of ten (10) hours, and the failure to record the hours worked by employees and to provide wage payment statements.

3.     Plaintiff worked for Defendants at Norma as a dining room assistant from in or around June 1, 2021 through January 5, 2022. Throughout his employment, Plaintiff worked 5:00 p.m. to 12:00 a.m., Monday through Friday, and 8:00 a.m. to 12:00 a.m., Saturday and Sunday, for an approximate total of sixty-seven (67) hours per week. Plaintiff was paid at a flat weekly salary that varied from $301.24 per week ($4.49 per hour), to $416.66 per week ($6.21 per hour), to $800.00 per week ($11.94 per hour) to $1,200.00 per week. Not only was Plaintiff frequently paid far below the required minimum wage of $15.00 per hour, for numerous weeks Plaintiff did not receive any wages at all and was thereby forced to provide free labor to Defendants. Moreover, irrespective of the number of hours worked per week Plaintiff was not paid overtime wages of one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty (40) hours per week and Plaintiff was not paid spread of hour wages of one additional hour at the minimum wage rate for shifts in excess of ten (10) hours.

4.     Significantly, despite working as a dining room assistant performing waitstaff duties, Plaintiff was deprived of all tips provided by customers which were instead unlawfully retained and stolen by Defendants for additional profit. On average, Plaintiff was deprived by Defendants of $1,000 per week in customer tips. Additionally, Plaintiff did not receive any wage statements during Plaintiff's employment reflecting the number of hours worked per week nor did Plaintiff receive a notice at the time of hiring indicating Plaintiff's regular hourly rate of pay.

## PARTIES

5.      Plaintiff was and still is a resident of the County of Queens, State of New York.

6.      Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law § 160 *et seq.* ("NYLL").

7.      Defendant Sicilian Sage LLC was and still is a domestic limited liability corporation organized and existing under and by virtue of the laws of New York.

8.      Defendant Salvatore Fraterrigo was and still is a resident of the State of New York.

9.      Defendant Salvatore Fraterrigo was and still is the Chief Executive Officer ("CEO), principal and/or manager of Defendant Sicilian Sage LLC.

10.     Defendant Salvatore Fraterrigo was and still is in active control and management of Defendant Sicilian Sage LLC, regulated the employment of persons employed by the Defendant Sicilian Sage LLC, acted directly and indirectly in the interest of Defendant Sicilian Sage LLC in relation to the employees, and is thus an employer of Plaintiff under the FLSA and NYLL.

11.     Defendant Emmanuela Pacifico was and still is a resident of the State of New York.

12.     Defendant Emmanuela Pacifico was and still is the Chief Executive Officer ("CEO), principal and/or manager of Defendant Sicilian Sage LLC.

13.     Defendant Emmanuela Pacifico was and still is in active control and management of Defendant Sicilian Sage LLC, regulated the employment of persons employed by the Defendant Sicilian Sage LLC, acted directly and indirectly in the interest of Defendant Sicilian Sage LLC in relation to the employees, and is thus an employer of Plaintiff under the FLSA and

3

NYLL.

14.     Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

16.     This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

17.     Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

## FACTS

18.     Defendants are the owners and/or operators of a Sicilian restaurant known as "Norma", located at 801 9th Avenue, New York, New York 10019.

19.     Plaintiff worked for Defendants as a dining room assistant at Norma from on or about June 1, 2021, through January 5, 2022.

20.     As a dining room assistant, Plaintiff's duties included performing waitstaff duties and serving food and cocktails to customers.

21.     Throughout Plaintiff's employment, Plaintiff worked 5:00 p.m. to 12:00 a.m., Monday through Friday, and 8:00 a.m. to 12:00 a.m., Saturday and Sunday, for an approximate total of sixty-seven (67) hours per week.

22.     During Plaintiff employment, Plaintiff did not receive breaks and/or breaks in excess of twenty (20) hours in a workday.

23.     No time keeping system existed of recording and/or tracking the hours worked by Plaintiff and workers during Plaintiff's employment.

24.     Plaintiff was paid at the following flat weekly salaries during Plaintiff's employment ranging from receiving no wages $0.00 per week, to $301.24 per week ($4.49 per hour), to $1,200.00 per week ($17.91 per hour). The following are the amounts paid to Plaintiff during Plaintiff's employment:

25.     In June 2021, for the first two weeks of Plaintiff's employment from June 1, 2021, through June 14, 2021, Plaintiff received a check for $602.49 ($301.24 per week, $4.49 per hour). From June 15, 2021, to July 2, 2021, Plaintiff received a check for $1,000.00 (approximately $416.66 per week, $6.21 per hour).

26.     In July 2021, Plaintiff received four checks on July 9, 20, 23 and 30, 2021, for $800.00 each check ($11.94 per hour).

27.     In August 2021, Plaintiff received checks on August 8 and 16, 2021, for $800.00 each ($11.94 per hour) and on August 27, 2021 for $1,200.00 ($600.00 per week, $8.95 per hour).

28.     In September 2021, Plaintiff received a check on September 3, 2021 for $800.00 ($11.94 per hour), and checks for $1,000.00 each on September 10 and 17, 2021 ($14.92 per hour). Plaintiff received no pay ($0.00 per hour) for the period of September 18, 2021 to September 24, 2021.

29.     In October 2021, Plaintiff received checks on October 1, 7, 14 and 22 for $1,200.00 each ($17.91 per hour).

30.     In November 2021, Plaintiff received a check for $2,400.00 on November 5, 2021 ($1,200 per week, $17.91 per hour) and a check on November 12, 2021 for $1,200.00 $17.91 per hour). Plaintiff did not receive any pay ($0.00 per hour) for the entire period of November 13, 2021, to December 3, 2021.

31.     In December 2021, Plaintiff received one check for $1,200 on December 10, 2021 ($17.91 per hour). From December 11, 2021 to January 5, 2022, Plaintiff did not receive any pay ($0.00 per hour).

32.     Due to these appalling abuses of being required to provide free unpaid labor for Defendants' personal profit, Plaintiff resigned on January 5, 2022.

33.     Plaintiff was paid in cash during Plaintiff's employment.

34.     Throughout Plaintiff's employment, customers provided tips and gratuities that were required to be paid to Plaintiff.

35.     However, at no time was Plaintiff provided with any gratuities and the same was unlawfully retained and stolen by Defendants.

36.     For the majority of Plaintiff's employment, Plaintiff was paid below the required minimum wage of $15.00 per hour. Moreover, irrespective of the number of hours worked per week, Plaintiff was not paid overtime at one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty (40) hours per week nor was Plaintiff provided with spread of hour wages for shifts Plaintiff worked in excess of ten (10) hours in a workday. Additionally, Plaintiff was not provided with accurate wage payment statements reflecting Plaintiff's hourly rate or number of hours worked during Plaintiff's employment and Plaintiff was not provided with a wage rate notification at the time of hiring or at any time thereafter.

37.     At all relevant times, Defendant Salvatore Fraterrigo was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for the Plaintiff and workers at Norma.

38.     At all relevant times, Defendant Emmanuela Pacifico was responsible for the hiring; firing; training; supervising; determining and/or establishing the rate of pay and the method of payment of wages; determining and/or establishing work schedules, shifts and/or work hours; determining and/or establishing work duties, assignments and/or tasks; reprimanding or disciplining workers; and determining the terms and conditions of employment for the Plaintiff and workers at Norma.

39.     At all relevant times, Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and were Plaintiff's employer as defined under the FLSA and NYLL.

40.     The work performed by Plaintiff was non-exempt work, as that term is used and defined in the United States and New York State Department of Labor's regulations promulgated under the FLSA and NYLL.

41.     Plaintiff was required to be paid a minimum wage rate of $15.00 per hour throughout Plaintiff's employment pursuant to NYLL § 652.

42.     From the period of in or around May 2021 through December 2021, Plaintiff was paid below the required minimum wage at rates ranging from $0.00 to $11.94 per hour.

43.     Plaintiff was entitled to be paid at least one and one-half times Plaintiff's regular hourly rate of pay for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA, 29 U.S.C. § 207 and NYLL, 12 NYCRR § 142-2.2.

44.     Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

45.     At no time during the relevant period was Plaintiff paid overtime wages of one and one-half times Plaintiff's regular hourly work rate of pay for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

46.     Plaintiff was entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiff worked a spread of hours that exceeded ten (10) hours or a shift in excess of ten (10) hours ("spread of hour wages"), pursuant to N.Y. Lab. Law §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

47.     During the relevant period Plaintiff worked shifts in excess of ten (10) hours per day and was entitled to receive spread of hours wages.

48.     Throughout the relevant period Plaintiff's employment Plaintiff was not paid an additional hour's pay at the basic minimum hourly wage rate for every day that Plaintiff worked a shift in excess of ten (10) hours in violation of the NYLL and NYCRR.

49.     Under the FLSA and NYLL, all tips received by an employee must be retained by that employee pursuant to 29 U.S.C. § 203(m) and N.Y. Lab. Law § 196-d.

50.     Throughout Plaintiff's employment, tips and/or gratuities were provided by customers for Plaintiff's services as a dining room assistant and Plaintiff was required to be provided with such tips.

8

51.     At no time during Plaintiff's employment was Plaintiff provided with any tips and/or gratuities and the same was instead unlawfully stolen by Defendants.

52.     At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions pursuant to N.Y. Lab. Law § 195(3).

53.     At all relevant times, Plaintiff was entitled to a notice at the time of hiring indicating Plaintiff's rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to N.Y. Lab. Law § 195(1).

54.     During Plaintiff's employment, Plaintiff was not provided with proper wage payment statements and was not provided with a wage theft prevention action notice at the time of hiring reflecting the rate of pay and other required information in violation of the NYLL.

## COLLECTIVE ACTION ALLEGATIONS

55.     Plaintiff brings this action on behalf of himself and all other persons who were or are employed by Defendants pursuant to 29 U.S.C. §216(b).

56.     Employees are "similarly situated" for purposes of FLSA collective wage suits if they are subject to a common policy, plan, or design.

57.     Plaintiff brings the FLSA claims on behalf of himself and others similarly situated, namely employees of Defendants at Norma who worked as waitstaff and bussers from the period of January 1, 2019 to the date of final judgment in this matter, who were not paid overtime wages for hours worked in excess of forty (40) hours per week, who had tips

unlawfully retained and who do not opt out of this action (hereinafter referred to as the "Norma Collective").

58.     Upon information and belief, the Norma Collective consists of fifty (50) or more similarly situated individuals who have not been paid overtime wages and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

59.     Defendants have failed to pay overtime and tips to employees other than those in Norma Collective, and Plaintiff reserves the right to broaden their definition of the collective group and/or add subgroups to this claim as additional members are discovered.

60.     Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and others similarly situated.

61.     Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

62.     Plaintiff brings the state law claims on behalf of himself and other similarly situated as a representative of a class of all non-exempt restaurant workers employed by Defendants within the six years prior to the filing of this complaint.

63.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of the state law claims, Plaintiff seeks the certification of a class of all persons who, during the relevant time period of January 1, 2016 to the date of final judgment in this matter, have been employed by Defendants at Norma as waitstaff and bussers, were not paid the required minimum wage; worked overtime and were not paid one and one-half times the minimum wage rate or hourly rate of pay; worked shifts in excess of ten (10) hours and did not receive spread of hours wages of

one additional hour at the minimum wage rate; had tips unlawfully retained; were not provided wage payment statements; and were not provided with notices of pay rate upon the commencement of their employment (hereinafter referred to as the "Norma Class").

64.     Upon information and belief, the Norma Class includes over one hundred (100) similarly situated individuals who have not been paid overtime wages, spread of hours wages, tips and gratuities, and who have not received wage payment statements or wage theft prevention act notifications, and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit.

65.     The class is so numerous as to make it impracticable to join all members of the class as Plaintiffs.

66.     There are questions of law and fact common to all members of the class and those questions predominate over any question affecting only individual class members. Defendants have acted on grounds generally applicable to all class members, in that Defendants' acts and omissions constitute a violation of the wage laws of the State of New York.

67.     Common questions of law and fact include, but are not limited to, the following:

A.  Whether Defendants have consistently failed to pay Plaintiff and class members the required minimum wage under the NYLL;

B.  Whether Defendants have consistently failed to pay Plaintiff and class members overtime wages at one and one-half times their regular rate of pay as required by the NYLL;

C.  Whether Defendants have consistently failed to pay Plaintiff and class members spread of hours wages of one additional hour at the minimum wage

rate for shifts in excess of ten (10) hours in a workday as required by the NYLL;

D.  Whether Defendants have consistently retained Plaintiff and class members' tips and gratuities;

E.  Whether Defendants failed to provide Plaintiff and class members with accurate wage payment statements as required by the NYLL;

F.  Whether Defendants have failed to provide Plaintiff and class members proper notice of their rate of pay and basis thereof at the time of hire as required by the NYLL;

G.  Whether Defendants have, in failing to make required payments to Plaintiff and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation; and

68.    Plaintiff's overtime wages, spread of hours wages, wage payment statements and wage rate notification claims and Defendants' anticipated affirmative defenses thereto are typical of the claims of and against all class members.

69.    Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the class Plaintiff seek to represent.

70.    Plaintiff has retained counsel capable of handling class action suits. Neither Plaintiff nor their counsel have an interest which is in conflict with the class or which might cause them not to vigorously pursue this action.

71.     Pursuant to F.R.C.P. 23(b)(1), class certification is appropriate here because the prosecution of separate actions by class members could result in either inconsistent adjudications establishing incompatible pay practices, or could as a practical matter dispose of the legal claims of class members not parties to such separate adjudications.

72.     Pursuant to F.R.C.P. 23(b)(3), class certification is appropriate here because questions of law or fact common to members of the class predominate over any questions affecting only individual members and because a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**CLASS AND COLLECTIVE-WIDE FACTUAL ALLEGATIONS**

73.     Plaintiff and members of the Norma Class and Norma Collective defined above (collectively, "Norma Group") have been victims of a common policy and plan perpetrated by Defendants that has violated their rights under the FLSA and NYLL by denying them pay, including overtime wages, spread of hours wages, tips and gratuities, and failing to provide them with wage payment statements and hiring wage rate notifications.

74.     As part of their ongoing business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the Norma Group by violating the FLSA and/or the NYLL.

75.     Defendants have substantially benefitted and profited from the work that Plaintiff and Norma Group have performed.

76.     Defendants failed to keep any records of the hours worked by the Plaintiff and the Norma Group.

77.     Defendants' unlawful conduct, policies and practices have been widespread, repeated, and consistent.

13

78.    Defendants' conduct, policies, and practices as described herein are ongoing and continuing.

79.    Defendants' conduct, policies and practices have been intentional, willful, and in bad faith, and has caused significant damages to the Plaintiff and the Norma Group.

## AS AND FOR THE FIRST CAUSE OF ACTION
*(Minimum Wage Under the NYLL)*

80.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

81.    At all relevant times, Plaintiff and the Norma Class were employee and Defendants were Plaintiff and the Norma Class's employer within the meaning of NYLL §§ 190, 651 and 652.

82.    At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

83.    Defendants were required to pay Plaintiff at least a minimum wage rate of $15.00 per hour pursuant to NYLL § 652.

84.    Defendants have violated NYLL § 652 by failing to compensate Plaintiff and the Norma Class at the applicable minimum hourly wage rate.

85.    As a result of Defendants' violations of the law and failure to pay Plaintiff and the Norma Class the required minimum wage, Plaintiff and the Norma Class have been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

86.    Defendants willfully, knowingly and intentionally failed to compensate Plaintiff and the Norma Class the required minimum wage.

87.     Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff and the Norma Class.

88.     Due to Defendants' intentional and willful failure to pay Plaintiff and the Norma Class the applicable minimum wage, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

**AS AND FOR THE SECOND CAUSE OF ACTION**
*(Overtime under the FLSA)*

89.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

90.     At all relevant times, Plaintiff and the Norma Collective were employees of the Defendants within the meaning of 29 U.S.C. § 203(e).

91.     At all relevant times, Defendants employed Plaintiff and the Norma Collective within the meaning of 29 U.S.C. § 203(g).

92.     As the Defendants shared control of the services of the Plaintiff and Norma Collective, Defendants are a single "employer" as defined by the Fair Labor Standards Act.

93.     At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

94.     At all relevant times, Defendants annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

95.     At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq.*

96.     Pursuant to NYLL Pursuant to FLSA, 29 U.S.C. § 201 *et seq*., non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

97.     Plaintiff and the Norma Collective were entitled to be paid one and one-half times the minimum wage rate and/or Plaintiff and the Norma Collective's regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

98.     Defendants required Plaintiff and the Norma Collective to work more than forty (40) hours a week, and Plaintiff and the Norma Collective regularly worked more than forty (40) hours a week throughout their employment.

99.     At no time have Defendants paid Plaintiff and the Norma Collective a rate of one and one-half times the minimum wage rate and/or Plaintiff and the Norma Collective's hourly rate of pay for all of the hours Plaintiff and the Norma Collective worked in excess of forty (40) hours per week.

100.    Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Norma Collective for overtime at a rate of one and one-half times Plaintiff and the Norma Collective's hourly rate of pay for all of the hours Plaintiff and the Norma Collective worked in excess of forty (40) hours per week.

101.    As a result of Defendants' violations of the law and failures to pay Plaintiff and the Norma Collective required regular and overtime wages, Plaintiff and the Norma Collective have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

102.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Norma Collective was in compliance with the law, Plaintiff

16

and the Norma Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

103.    Members of the Norma Collective are entitled to collectively participate in this action by choosing to "opt-in" and submit written Consents to Join this action pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE THIRD CAUSE OF ACTION
*(Overtime under the NYLL)*

104.    Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

105.    At all relevant times, Plaintiff and the Norma Class were employees and Defendants were employers within the meaning of N.Y. Lab. Law §§ 190, 651 and 652.

106.    At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

107.    Pursuant to N.Y. Lab. Law § 650 *et seq*. and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

108.    Plaintiff and the Norma Class were entitled to be paid one and one-half times the minimum wage rate and/or Plaintiff and the Norma Class's regular hourly rate for any hours in excess of forty (40) worked in any workweek.

109.    Defendants required Plaintiff and the Norma Class to work more than forty (40) hours a week, and Plaintiff and the Norma Class regularly worked more than forty (40) hours a week throughout their employment.

110.    At no time have Defendants paid Plaintiff and the Norma Class a rate of one and one-half times the minimum wage rate and/or Plaintiff and the Norma Class' hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

111.    Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Norma Class for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

112.    As a result of Defendants' violations of the law and failures to pay Plaintiff and the Norma Class required regular and overtime wages, Plaintiff and the Norma Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to N.Y. Lab. Law § 198 and 12 NYCRR § 142-2.2.

113.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff and the Norma Class was in compliance with the law, Plaintiff and the Norma Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to N.Y. Lab. Law § 198.

## AS AND FOR THE FOURTH CAUSE OF ACTION
*(Spread of Hours under the NYLL)*

114.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

115.    Pursuant to N.Y. Lab. Law §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4, non-exempt employees are required to be paid one additional hour at the minimum wage rate for any shift in excess of ten (10) hours in a workday.

116.    Plaintiff and the Norma Class were entitled to be paid an additional hour's pay at the basic minimum hourly wage rate for every day that they worked a spread of hours that

exceeded ten (10) hours or a shift in excess of ten (10) hours.

117.    Defendants required Plaintiff and the Norma Class to work in excess of ten (10) hours in a workday, and Plaintiff and the Taco Class regularly worked in excess of ten (10) hours in a workday.

118.    Defendants failed to pay Plaintiffs and the Norma Class the spread of hour wages to which they were entitled under NYLL.

119.    Defendants' failure to pay Plaintiff and the Norma Class their lawfully due spread of hour wages was a willful violation of N.Y. Lab. Law §§ 190, *et seq*., and 650, *et seq*., and 12 NYCRR § 142-2.4.

120.    As a result of Defendants' violations of the law and failures to pay Plaintiff and the Norma Class required spread of hour wages, Plaintiff and the Norma Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to N.Y. Lab. Law § 198 and 12 NYCRR § 142-2.4.

121.    As Defendants did not have a good faith basis to believe that their failure to pay spread of wages to Plaintiff and the Norma Class was in compliance with the law, Plaintiff and the Norma Class are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to N.Y. Lab. Law § 198.

## AS AND FOR THE FIFTH CAUSE OF ACTION
*(Unlawful Tip Retention 29 U.S.C. § 203(m))*

122.    Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

123.    Pursuant to 29 U.S.C. § 203(m), all tips received by an employee must be retained by the employee.

19

124.   Plaintiff and the Norma Collective were provided with tips and gratuities by Defendants' customers and were entitled to such tips as wages.

125.   Defendants unlawfully retained Plaintiff and the Norma Collective's tips and gratuities in violation of the FLSA.

126.   Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Norma Collective with any tips received from customers in violation of 29 U.S.C. § 203(m).

127.   As a result of Defendants' violations of the law and failures to pay Plaintiff and the Norma Collective required tips, Plaintiff and the Norma Collective have been damaged and are entitled to recover from Defendants all tips due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

128.   As Defendants did not have a good faith basis to believe that their failure to pay tips to Plaintiff and the Norma Collective was in compliance with the law, Plaintiff and the Norma Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SIXTH CAUSE OF ACTION
*(Unlawful Tip Retention N.Y. Lab. Law § 196-d)*

129.   Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

130.   Pursuant to N.Y. Lab. Law § 196-d, all tips received by an employee must be retained by the employee.

131.   Plaintiff and the Norma Class were provided with tips and gratuities by Defendants' customers and were entitled to such tips as wages.

132.   Defendants unlawfully retained Plaintiff and the Norma Class's tips and gratuities in violation of the NYLL.

133.   Defendants willfully, knowingly and intentionally did not compensate Plaintiff and the Norma Class with any tips received from customers in violation of N.Y. Lab. Law § 196-d.

134.   As a result of Defendants' violations of the law and failures to pay Plaintiff and the Norma Class required tips, Plaintiff and the Norma Class have been damaged and are entitled to recover from Defendants all tips due, along with all reasonable attorneys' fees, interest, and costs, pursuant to N.Y. Lab. Law § 198 and 12 NYCRR § 142-2.4.

135.   As Defendants did not have a good faith basis to believe that their failure to pay tips to Plaintiff and the Norma Collective was in compliance with the law, Plaintiff and the Norma Collective are entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to N.Y. Lab. Law § 198.

### AS AND FOR THE SEVENTH CAUSE OF ACTION
*(Wage Statements NYLL § 195(3))*

136.   Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

137.   Pursuant to N.Y. Lab. Law § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

138.   Defendants failed to furnish accurate wage statements to Plaintiff and the Norma Class in violation of N.Y. Lab. Law § 195(3) by, *inter alia*, failing to provide Plaintiff and the Norma Class with accurate statements of their full wages, hours worked, regular rate of pay, overtime rate of pay or other information required by N.Y. Lab. Law § 195(3).

139.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

140.    As Defendants failed to provide proper wage payment statements under N.Y. Lab. Law § 195(3), Plaintiff and the Norma Class are entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000.00, together with attorneys' fees, costs and interest.

## AS AND FOR THE EIGHTH CAUSE OF ACTION
*(Wage Theft Prevention Act Notification NYLL § 195(1))*

141.    Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

142.    N.Y. Lab. Law § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

143.    Defendants failed to furnish such a statement to Plaintiff and the Norma Class in violation of N.Y. Lab. Law § 195(1) by, *inter alia*, failing to provide Plaintiff and the Norma Class at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by N.Y. Lab. Law § 195(1).

144.    The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

145.    As Defendants failed to provide Plaintiff and the Norma Class with proper a proper notice under N.Y. Lab. Law § 195(1), Plaintiff and the Norma Class are entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs and interest.

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated persons, seeks the following relief:

A. That, at the earliest time possible, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Norma Collective. Such notice shall inform the Norma Collective that this civil action has been filed, of the nature of the action, and of their right to join this action;

B. Certification of the Norma Class pursuant to Rule 23 of the Federal Rules of Civil Procedure; designation of Plaintiff as class representative; designation of Plaintiff's counsel as class counsel; and a reasonable incentive payment to Plaintiff;

C. On the First Cause of Action on behalf of Plaintiffs and Norma Class members against Defendants, for all wages due under the required minimum wage, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Second Cause of Action on behalf of Plaintiffs and Norma Collective members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Third Cause of Action on behalf of Plaintiff and Norma Class members against Defendants, for all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F.   On the Fourth Cause of Action on behalf of Plaintiff and the Norma Class Members against Defendants, for all spread of hours wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G.   On the Fifth Cause of Action on behalf of Plaintiff and the Norma Collective Members against Defendants, for all tips due, an additional award of one hundred percent of all tips, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

H.   On the Sixth Cause of Action on behalf of Plaintiff and the Norma Class Members against Defendants, for all tips due, an additional award of one hundred percent of all tips, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

I.   On the Seventh Cause of Action on behalf of Plaintiff and Norma Class Members against Defendants for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

J.   On the Eighth Cause of Action on behalf of Plaintiff and Norma Class Members against Defendants for failing to provide a proper notice at the time of hiring of the rate of pay and basis thereof in an amount of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest.

K.   Such other and further relief as is just and proper.

24

Dated: Syosset, New York
      August 8, 2022

                     Respectfully submitted,
                     BELL LAW GROUP, PLLC


                     By: */s/ Matthew Madzelan*
                     Matthew Madzelan, Esq.
                     116 Jackson Avenue
                     Syosset, New York 11791
                     (516) 280-3008
                     Matthew.M@Belllg.com
                     *Attorneys for Plaintiff*