

**Bell Law Group, PLLC**
116 Jackson Avenue
Syosset, New York 11791
T (516) 280-3008
F (516) 706-4692
BellLG.com

January 22, 2024

<u>*Via ECF*</u>
The Honorable Jennifer E. Willis
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: <b><i>De Rosa v. Sicilian Sage, et al.</i></b><br>
<b>Civil Docket No.: 22-cv-6733</b>

Dear Judge Willis:

We represent Plaintiff, Maurizio De Rosa ("Plaintiff"), in the above-referenced matter. This letter is jointly submitted pursuant to the Fair Labor Standards Act (FLSA) and the Second Circuit's decision in <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199, 206 (2d Cir. 2015) for approval of the settlement agreement in this action and dismissal of this case with prejudice. In accordance therewith, annexed hereto as ***Exhibit "A"*** is a copy of the Settlement Agreement ("Agreement") and annexed hereto as ***Exhibit "B"*** is Plaintiff's Attorneys' Fees Affirmation and Billing Summary.

## I.    <u>Introduction</u>

Plaintiff commenced this action on August 8, 2022, against Defendants Sicilian Sage LLC, Salvatore Fraterrigo and Emmanuela Pacifico ("Defendants"), asserting claims under the FLSA and New York Labor Law ("NYLL") for minimum wage, overtime wages, spread of hour wages, wage statement and wage notice violations. (Dkt. No. 1). Following an extensive investigation, exchange of discovery, arm's length negotiations between experienced counsel, and a mediation held with Kim Berg, Esq. on August 28, 2023, the Parties agreed, subject to Court approval, to resolve this action.

Under the terms of the Agreement, a total settlement amount of $25,000.00 shall be provided. The settlement shall be apportioned $16,264.67 to Plaintiff and $8,735.33 to Plaintiff's Counsel for attorneys' fees and expenses ($8,333.33 for attorneys' fees and $402.00 for expenses).

As set forth more fully herein, the settlement satisfies the criteria for approval under the FLSA, 29 U.S.C. §§ 201, *et seq.*, because it resolves a *bona fide* dispute, and is fair, reasonable, and adequate.

## II.    <u>Bona Fides of the Dispute</u>

### A.    *Plaintiff's Allegations*

The following is a summary of Plaintiff's allegations. Plaintiff worked for Defendants as a dining room assistant at their restaurant known as "Norma", located at 801 9th Avenue, New York, New York 10019, from on or about June 1, 2021, through January 5, 2022. Throughout Plaintiff's employment, Plaintiff worked 5:00 p.m. to 12:00 a.m., Monday through Friday with Wednesday off, and 10:00 a.m. to 12:00 a.m., Saturday and Sunday, for approximately fifty-four (54) hours per week with some variation for weeks he worked less than six (6) days.

Plaintiff was paid a flat daily or weekly salary during his employment that ranged from $200.00 to $1,200.00 per week. For various weeks, the wages Plaintiff received were below the New York City minimum wage rate of $15.00 per hour. Furthermore, Plaintiff was not paid overtime wages at one and one-half times Plaintiff's regular hourly rate or the minimum wage rate for overtime hours worked in excess of forty (40) hours per week and Plaintiff was not paid spread of hours wages of one additional hour at the minimum wage rate for work shifts in excess of ten (10) hours. Moreover, for numerous weeks Plaintiff did not receive any wages for his hours worked. In addition, Plaintiff did not receive tips during his employment.

### B.    *Defendants' Defenses*

As a salaried Floor Manager, Plaintiff was properly classified as exempt from the federal and state overtime pay requirements. Consequently, Plaintiff was ineligible for premium pay at 1½ times his regular rate for hours worked beyond forty (40) in a week. However, in no week during his brief six-month tenure did Plaintiff work more than forty (40) hours. Although Plaintiff was on the schedule up to six (6) days per week (he was always off on Wednesdays), other than a nine-hour weekend shift, his shifts were either four (4) or 4½ hours in duration. So, the most Plaintiff ever worked in a week was approximately 36 hours. Moreover, on no occasion did Plaintiff work more than ten (10) hours in a single day; as such he enjoyed no entitlement to spread of hours pay. Finally, Plaintiff was ineligible to participate in the tip pool because as a Floor Manager he did not work in a tipped role.

### C.    *Settlement*

Given these factual and legal issues, and to avoid the risk and uncertainty of continued litigation and increasing expenses, the Parties agreed to resolve this matter for $25,000.00. Based upon Plaintiff's Counsel's analysis and computation, it is estimated that should Plaintiff prevail on all issues at trial, Plaintiff's maximum recovery for his wage and hour claims is $15,405.82, plus potential tips and liquidated damages, attorneys' fees, costs and interest. Thus, a settlement of

$25,000.00 constitutes full payment of Plaintiff's alleged wage and hour claims and provides for partial liquidated damages, attorneys' fees and costs.

### III.    Legal Principles

Pursuant to the Second Circuit's holding in Cheeks v. Freeport Pancake House, Inc., "dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." 796 F.3d 199, 206 (2d Cir. 2015). In order to obtain such approval, the parties must satisfy the Court that their agreement is "fair and reasonable." Velasquez v. Safi-G, Inc., 137 F. Supp. 3d 582, 584 (S.D.N.Y 2015).

When evaluating the fairness of a settlement, there is "a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). Factors considered in determining the fairness of the settlement include without limitation the following: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

The attached proposed updated Settlement Agreement warrants approval as it is fair, reasonable, and adequate. Indeed, the agreement reflects a reasonable compromise of Plaintiff's claims rather than a mere waiver of statutory rights brought about by Defendants' purported violations of the FLSA and NYLL. As discussed above, Plaintiff's maximum recovery should he prevail on all issues at trial is approximately $15,405.82, plus potential tips and liquidated damages, attorneys' fees, costs and interest. Thus, a settlement of $25,000.00 constitutes full payment of Plaintiff's alleged overtime claims, as well as provides for attorneys' fees and costs.

Plaintiff is represented by experienced counsel and the settlement amount constitutes a substantial portion of what Plaintiff may be entitled to should Plaintiff prevail at trial. Likewise, Defendants are represented by experienced counsel well-versed in employment law and who presented strong legal defenses based upon the facts. Therefore, the arm's length bargaining between the represented parties weighs in favor of finding a settlement reasonable. The Parties engaged in discovery efforts, mediation, and gathered sufficient information to permit them to assess the strengths and weaknesses of the asserted claims and their respective positions. See, e.g., Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) ("[i]n considering whether a settlement is fair and reasonable, the principal question is whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.") (internal citations omitted); Aponte v. Comprehensive Health Mgmt., Inc., 2013 WL 1364147, at *4 (S.D.N.Y. Apr. 2, 2013) (courts typically "regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement.") (internal citations omitted).

Approving the updated settlement of this matter now will avoid incurring the additional costs of litigation on both sides, and, as Plaintiff no longer associates with Defendants, coercion is unlikely. See, e.g., Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012); Cisneros v. Schnipper Rest. LLC, 2014 U.S. Dist. LEXIS 2111, 2-3 (S.D.N.Y. Jan. 8, 2014) ("[a]lthough the FLSA places strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver, these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here.") (internal citation and quotation omitted); Martinez v. Ragtime Foods of N.Y., Inc., No. 11-CV-1483, 2011 U.S. Dist. LEXIS 130357, 2011 WL 5508972, at *3 (E.D.N.Y. Nov. 10, 2011); Brown v. Mustang Sally's Spirits & Grill, Inc., 2013 U.S. Dist. LEXIS 13482 (W.D.N.Y. Jan. 30, 2013).

Furthermore, no factors weigh against allowing the settlement to proceed as requested because: a) Plaintiff has not identified "the presence of other employees situated similarly to the claimant" or of some industry wide practices; b) Defendants explicitly deny any wrongdoing, and have no "history of FLSA non-compliance"; and c) continuing to develop the record will only serve to enlarge costs on both sides and not serve any useful purpose in light of Defendants' lack of a history of non-compliance and the lack of any identified industry wide practice. Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335-336 (S.D.N.Y. 2012).

Lastly, the Parties agree that the agreed-to amount is a reasonable compromise of all Parties' positions and the proposed settlement regarding attorneys' fees is also fair and reasonable, as Plaintiff's counsel's own compensation does not adversely affect the extent of the relief obtained by Plaintiff. Indeed, Plaintiff's attorneys' fees are far in excess of the recovery herein and Counsel's agreement to resolve Plaintiff's attorneys' fees on a contingency basis rather than a separate fee application were made in a good faith effort to reach a resolution of the claims.   See Wolinsky, 900 F. Supp. 2d at 336-37; Cisek v Natl. Surface Cleaning, Inc., 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest, and there was no reason to conclude that plaintiffs' counsel benefited at the expense of their clients); Chapman-Green v. Icahn House West LLC, No. 11 Civ. 1190 (MHD), 2013 U.S. Dist. LEXIS 25671, 2013 WL 658245, at *2 (S.D.N.Y. Feb. 21, 2013) (amount of fees "is of little consequence' when fees are consensual") (internal citation and quotation omitted); see also Mireku v. Red Vision Sys., Inc., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013).

### IV.    Conclusion

As demonstrated above, the updated settlement is a result of negotiations and compromise by all Parties. The Parties believe the updated settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the attached Settlement Agreement.

Respectfully submitted,

/s/ Matthew Madzelan
Matthew Madzelan, Esq.